# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| UNITED STATES OF AMERICA, | ) |  |
|---|---|---|
| Plaintiff, | ) |  |
| v. | ) | Case No. CIV-18-830-G |
| HARIMAU OIL AND GAS CONSULTING, LLC, | ) |  |
| Defendant. | ) |  |

## ORDER

Now before the Court is Plaintiff's Motion to Compel and Motion for Sanctions (Doc. No. 20). Also at issue is Defendant's Motion to Strike (Doc. No. 24), to which Plaintiff has responded (Doc. No. 26). The Court heard argument from the parties in open court on August 9, 2019, and now makes its ruling.

### I. *Defendant's Motion to Strike*

Rather than respond to the substance of Plaintiff's Motion to Compel, Defendant filed a Motion requesting that the Court strike the Motion to Compel for failure based upon Plaintiff's alleged failure to comply with the requirements of Local Civil Rule 37.1. The Declaration and correspondence by Plaintiff clearly reflect, however, Plaintiff's counsel's continued efforts to resolve this dispute in good faith with opposing counsel, as well as ample warning to Defendant that Plaintiff would be seeking the Court's assistance. *See* Nygaard Decl. ¶¶ 2-19 (Doc. No. 21); Doc. Nos. 21-10, 21-18; Fed. R. Civ. P. 37(a)(1). And at issue here is a legitimate and significant discovery dispute. The Motion to Strike

(Doc. No. 24) is DENIED.[1]

## II. Plaintiff's Motion to Compel

The record before the Court reflects that in December 2018, Plaintiff served its First Request for Production of Documents upon Defendant. *See* Doc. No. 21-1. This discovery request sought, among other items: "Documents reflecting any communications between [Defendant] and Richard Eutsler regarding his unpaid federal tax liabilities, the Notices of Levy, IRS Correspondence, or communications with the IRS." *Id.* Req. No. 3; *see also id.* Reqs. No. 4, 5, 7, 13. "Document" was defined to include e-mails and other "electronically stored information" "in any medium from which information can be obtained either directly or, if necessary, after translation by the responding party into a reasonably usable form." *Id.* at 2; *see* Fed. R. Civ. P. 34(a)(1)(A). Defendant served its responses on February 7, 2019, and affirmatively stated: "No such documents exist." Doc. No. 21-2, Resp. No. 3.

Defendant did not produce any e-mails at that time. In May 2019, after Plaintiff learned of the existence of responsive emails and demanded that Defendant search for, identify, and produce responsive e-mails to Plaintiff, Defendant has done so.

The parties' filings and argument make clear that, contrary to counsel's statement, responsive documents did exist and were subject to being produced. Defendant has raised

---

[1] As noted by Plaintiff's Response, pursuant to this Court's Local Civil Rule 7.1(g) "[a]ny motion that is not opposed within 21 days may, in the discretion of the court, be deemed confessed." LCvR 7.1(g); *see* Pl.'s Resp. at 1 n.1. The Court declines, however, to exercise its discretion and deem the Motion confessed. *See* LCvR 7.1(g); *see also Murray v. Archambo*, 132 F.3d 609, 611 (10th Cir. 1998).

2

no objection to the content of these discovery requests. Accordingly, Plaintiff's Motion (Doc. No. 20) is GRANTED IN PART. *See* Fed. R. Civ. P. 37(a)(3)(B)(iv). Defendant shall submit the following to Plaintiff within 14 days of this Order:

1) Supplemental responses and production regarding all relevant discovery requests previously served upon Defendant in this lawsuit, *see* Fed. R. Civ. P. 26(e)(1).

2) An affidavit executed by a knowledgeable representative of Defendant describing the e-mail searches conducted, including the individuals whose accounts were searched; the e-mail addresses, domains, and search terms used; and the other entities or individuals who conducted or assisted in conducting these searches.

3) An affidavit executed by a knowledgeable representative of Defendant describing the data transfer that took place in January-February 2019, including what data has been lost or is unavailable and what efforts have been undertaken to recover any lost e-mail.

The Court will reserve its determination on the payment of movant's expenses contemplated under Federal Rule of Civil Procedure 37(a)(5)(A).

### III. *Plaintiff's Motion for Sanctions*

The Court shall RESERVE its ruling on Plaintiff's accompanying Motion for Sanctions (Doc. No. 20) under Federal Rule of Civil Procedure 26(g)(3).

IT IS SO ORDERED this 9th day of August, 2019.

CHARLES B. GOODWIN
United States District Judge