UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-18-830-G |
| | ) | |
| HARIMAU OIL AND GAS | ) | |
| CONSULTING, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER**

Now before the Court is Plaintiff United States of America's Motion for Sanctions (Doc. No. 20), which seeks sanctions under Federal Rule of Civil Procedure 26(g)(3) against S. Rachel Pappy, an attorney for Defendant Harimau Oil and Gas Consulting, LLC ("Harimau"). Also at issue is the question of payment of expenses associated with Plaintiff's Motion to Compel (Doc. No. 20), which was granted in relevant part after argument and a hearing. *See* Order of Aug. 9, 2019 (Doc. No. 31). In addition to the hearing, the Court has considered briefing and documents that were submitted by both parties on the record and by Ms. Pappy ex parte.

*I.    Relevant Background*

In December 2018, Plaintiff served its First Request for Production of Documents upon Defendant. *See* Doc. No. 21-1. This discovery request sought, among other items: "Documents reflecting any communications between [Defendant] and Richard Eutsler regarding his unpaid federal tax liabilities, the Notices of Levy, IRS Correspondence, or communications with the IRS." *Id.* Req. No. 3; *see also id.* Reqs. No. 4, 5, 7, 13.

"Document" was defined to include e-mails and other "electronically stored information" "in any medium from which information can be obtained either directly or, if necessary, after translation by the responding party into a reasonably usable form." *Id.* at 2; *see* Fed. R. Civ. P. 34(a)(1)(A). Defendant served its responses on February 7, 2019, and affirmatively stated: "No such documents exist." Doc. No. 21-2, Resp. No. 3. These responses were signed by Ms. Pappy. *See id.* at 6; Fed. R. Civ. P. 26(g)(1).

Defendant did not produce any e-mails at that time. In May 2019 and thereafter, after Plaintiff learned of the existence of responsive emails and demanded that Defendant search for, identify, and produce responsive e-mails to Plaintiff, Defendant produced multiple responsive e-mails.

In granting Plaintiff's Motion to Compel, the Court ordered Defendant to submit supplemental responses and production, as well as specific affidavits, no later than August 23, 2019. *See* Order of Aug. 9, 2019, at 3.

II. *Applicable Rules*

Pursuant to Federal Rule of Civil Procedure 26(g)(1)(B), "an attorney's signature on a discovery response constitutes a certification 'that to the best of [his or her] knowledge, information and belief formed after a reasonable inquiry,' the response is consistent with the rules and warranted by existing law, is 'not interposed for any improper purpose,' and is 'neither unreasonable nor unduly burdensome.'" *Acosta v. Maranto*, No. CIV-15-1378-D, 2017 WL 4237114, at *1 (W.D. Okla. Sept. 21, 2017) (quoting Fed. R. Civ. P. 26(g)(1)). Rule 26(g)(3) prescribes that if an attorney's certification violates this rule "without substantial justification," the court "must impose an appropriate sanction" on

2

the attorney, the party, or both. Fed. R. Civ. P. 26(g)(3). "The sanction may include an order to pay the reasonable expenses, including attorney's fees, caused by the violation." *Id.*

Rule 37(a)(5) provides that if a party's motion to compel is granted, the court "must" "require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." *Id.* R. 37(a)(1)(A). The court may not order such payment if certain conditions are met, including that "other circumstances make an award of expenses unjust." *Id.* 37(a)(5)(A)(iii).

III. Discussion

    A. *Rule 26(g)(3) Sanction*

In addition to hearing argument at the hearing of August 9, 2019, the Court has reviewed Plaintiff's Motion for Sanctions and supporting Declaration (Doc. No. 21), Defendant's Supplement (Doc. 36) with an affidavit from Kendra Wesson (Doc. No. 36-1), and Plaintiff's Reply to Defendant's Supplement (Doc. No. 37) with supporting Declaration (Doc. No. 38). Also considered by the Court are Ms. Pappy's records of her correspondence with her client Harimau, which were submitted ex parte. *See* Doc. No. 30.

What is evident from the record before the Court is that Ms. Pappy should have put as much thought and care into producing her client's discovery responses of February 7, 2019, as she did into producing later responses in May through July 2019—*after* Plaintiff voiced its concerns over the deficient e-mail production. The Court is unable to find, however, that Ms. Pappy's certification of February 7, 2019, reflects a lack of a "reasonable

3

inquiry" as to whether the responses are consistent with the Federal Rules or otherwise proper under Federal Rule of Civil Procedure 26(g).  Fed. R. Civ. P. 26(g)(1)(B)(i); *see id.* R. 26(g)(1)(B)(ii), (iii).  The relevant correspondence with Harimau shows that from January 26, 2019, until the responses were signed, both Ms. Pappy and Ms. Wesson (a Harimau executive and Ms. Pappy's primary client contact) were in frequent contact regarding Plaintiff's discovery requests and the need for Harimau to transmit responsive documents, including e-mails, to Ms. Pappy.  Ms. Wesson's affidavit (which does not comply with 28 U.S.C. § 1746 but is nonetheless persuasive) likewise indicates that Ms. Pappy did inquire about available records, and about Harimau's communications with Mr. Eutsler, but that Ms. Wesson misunderstood the scope of Plaintiff's discovery requests.  *See* Wesson Aff. at 1-2.

Accordingly, the Court finds that Ms. Pappy conducted an inquiry sufficient to support her certification that the February 7, 2019 discovery responses were "consistent with the rules, warranted by law, and reasonable."  *Acosta*, 2017 WL 4237114, at *2; *see In re Byrd, Inc.*, 927 F.2d 1135, 1137 (10th Cir. 1991) (explaining that under Rule 26(g), "the court must judge the attorney's conduct under an objective standard of reasonableness").  Plaintiff's Motion for Sanctions (Doc. No. 20) is therefore DENIED.

### B.  *Rule 37(a)(5) Payment of Expenses*

The Court finds it is proper for Harimau to pay Plaintiff its "reasonable expenses incurred in making" the Motion to Compel, "including attorney's fees."  Fed. R. Civ. P.

4

37(a)(5)(A);[1] *see* Order of Aug. 9, 2019, at 2-3.  If the parties cannot agree on the amount of these expenses within 14 days, Plaintiff may submit to the Court an itemization of its claimed expenses and Defendant may respond within 10 days thereafter.

IT IS SO ORDERED this 19th day of September, 2019.

CHARLES B. GOODWIN
United States District Judge

---

[1] Although Plaintiff also has requested its fees and costs associated with taking additional depositions of several witnesses in light of the tardy e-mail production, such expenses appear to be outside the scope of those contemplated by Rule 37(a)(5).  *Compare* Fed. R. Civ. P. 37(a)(5)(A) (requiring payment of "reasonable expenses incurred in making the motion"), *with* Fed. R. Civ. P. 26(g)(3) (permitting sanctions to include "reasonable expenses . . . caused by the violation").