# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | Case No. CIV-18-830-G |
| | ) | |
| **HARIMAU OIL AND GAS** | ) | |
| **CONSULTING, LLC, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## ORDER

On October 31, 2019, Plaintiff United States of America filed its Amended Complaint (Doc. No. 53), raising claims against Defendant Harimau Oil and Gas Consulting, LLC ("Harimau") and Defendant Access Oilfield Consulting LLP ("Access Oilfield"). Defendants have now moved to dismiss this pleading under Rule 12(b)(7) of the Federal Rules of Civil Procedure. *See* Defs.' Mot. (Doc. No. 69). Plaintiff has responded, *see* Pl.'s Resp. (Doc. No. 71), and the matter is now at issue.

*I.  Background*

In the Amended Complaint, Plaintiff alleges that Harimau and its successor-in-interest Access Oilfield failed to honor two separate IRS levies. The levies were issued to collect the assessed federal income-tax liabilities of Richard Eutsler, who was paid by Defendants either directly or indirectly through transmissions made payable to Rick Eutsler, LLC, or Bartlesville Consulting. Plaintiff alleges that notwithstanding the levies and IRS demands for payment, Defendants failed to turn over Mr. Eutsler's property or rights to property that were in their possession, in violation of 26 U.S.C. § 6332(a). *See*

Am. Compl. ¶¶ 1, 8-13, 19-23, 32-34, 38-46, 74-84; *see also id.* ¶ 14 (citing 26 U.S.C. § 6331(a) for the proposition that "[o]nce a taxpayer . . . fails to pay his tax liability, the IRS is authorized . . . to levy all property and rights to property belonging to the taxpayer").

## II.     Defendants' Motion to Dismiss

Defendants argue that dismissal of this action is warranted for "failure to join" Mr. Eutsler as "a party under Rule 19." Fed. R. Civ. P. 12(b)(7). Rule 19, in turn, is applied to resolve "whether an absent party is necessary" and, if so, whether that absent party is "indispensable." *Davis v. United States*, 192 F.3d 951, 957 (10th Cir. 1999).

When applying Rule 19, a district court must first determine whether the absent party is a "[r]equired party"—i.e., a party who is "necessary to the lawsuit"—and, if so, "whether joinder of the absent party is feasible." Fed. R. Civ. P. 19(a)(1); *Davis*, 192 F.3d at 957. Then, "[i]f an absent party is necessary but cannot be joined," the district court must determine "whether, in equity and good conscience, the action should proceed among the existing parties or should be dismissed"—i.e., whether the absent party is "indispensable." *Davis*, 192 F.3d at 959; Fed. R. Civ. P. 19(b); *see also N. Arapaho Tribe v. Harnsberger*, 697 F.3d 1272, 1278 n.3 (10th Cir. 2012).

## III.     Discussion

There is no indication from the record that Mr. Eutsler is not "subject to service of process" or that his joinder would defeat subject-matter jurisdiction in this Court. Fed. R. Civ. P. 19(a)(1). Accordingly, the Court first must decide whether Mr. Eutsler is a required (or "necessary") party to this lawsuit under Rule 19(a)(1).

The Rule provides as follows:

> **(1) *Required Party*.** A person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if:
>
>> **(A)** in that person's absence, the court cannot accord complete relief among existing parties; or
>>
>> **(B)** that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:
>>
>>> **(i)** as a practical matter impair or impede the person's ability to protect the interest; or
>>>
>>> **(ii)** leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

Fed. R. Civ. P. 19(a)(1)(A)-(B).

Defendants' argument nominally relies upon both Rule 19(a)(1)(A) and Rule 19(a)(1)(B). As for the former, Defendants argue that the Amended Complaint improperly conflates Mr. Eutsler with other individuals and entities and fails to adequately plead that Defendants paid payments to Mr. Eutsler himself after the tax levies were issued. *See* Defs.' Mot. at 6 (arguing that the tax levies were confusing and treated various entities as one). The Motion, however, fails to explain why Mr. Eutsler's presence *as a party* is required for Defendant to raise this argument. As noted by Plaintiff, Mr. Eutsler has been deposed in this lawsuit and can continue to be served with discovery or called as a witness at trial as to his entity ownership or other matters. *See* Pl.'s Resp. at 8.

More significantly, Defendants' argument ignores the nature of Plaintiff's cause of action under 26 U.S.C. § 6332. Defendants' potential liability under this statute is personal in nature and premised upon these Defendants' failure to honor the IRS levies, rather than any conduct by Mr. Eutsler in connection with those levies. *See United States v.*

*Weintraub*, 613 F.2d 612, 620 (6th Cir. 1979) (noting that a suit under § 6332 "is not to collect a tax" but "to enforce the personal liability for failure to surrender property after receiving a notice of levy"); *United States v. 911 Mngt., LLC*, No. CV-10-1367-PK, 2011 WL 1102662, at *4 (D. Or. Jan. 18, 2011) (R. & R.) (finding no showing that the absence of the individuals who owed the unpaid taxes would prevent the United States from gaining complete relief under Rules 12(b)(7) and 19(a)(1)(A) because the defendants, "by allegedly refusing to honor the IRS' tax levies," "potentially incurred new personal liabilities . . . that the United States can recover even though [the taxpayers] are not parties to this action"), *adopted*, 2011 WL 1044401 (D. Or. Mar. 23, 2011). *See generally* 26 U.S.C. § 6332(d)(1) ("Any person who fails or refuses to surrender any property or rights to property, subject to levy, upon demand by the Secretary, shall be liable in his own person and estate to the United States . . . ."); *id.* § 6332(d)(2) (prescribing that "any person" who fails or refuses "without reasonable cause" "shall be liable" for a 50% penalty "[i]n addition to the personal liability imposed by [§ 6332(d)(1)]").[1]

To the extent Defendants rely upon Rule 19(a)(1)(B), they fail entirely to show that Mr. Eutsler "claims an interest relating to the subject of" this lawsuit as required by that rule. Fed. R. Civ. P. 19(a)(1)(B); *see also Citizen Band Potawatomi Indian Tribe of Okla. v. Collier*, 17 F.3d 1292, 1293 (10th Cir. 1994) ("The proponent of a motion to dismiss

---

[1] Although Defendants argue that they "have an interest in determining whether [Mr.] Eutsler committed a fraud on [them]," Defendants' Motion seeks dismissal only on the basis that Plaintiff failed to include Mr. Eutsler as a defendant on the tax-levy claims pleaded in the Amended Complaint. *See* Defs.' Mot. at 8, 9.

4

under Rule 12(b)(7) has the burden of producing evidence showing the nature of the interest possessed by an absent party and that the protection of that interest will be impaired by the absence."). There is no argument or showing that Mr. Eutsler has a stake in Harimau or Access Oilfield such that he would be adversely affected by a judgment against these companies or that such a judgment could be enforced against him. To the extent a judgment against Defendants could prevent them from paying Mr. Eutsler wages or other income that he is owed, the United States District Court for the District of Oregon has squarely rejected the proposition that such a speculative financial stake qualifies as an absent-party "interest" under Rule 19(a)(1)(B):

> The requisite interest must be one that is "legally protected," *Makah Indian Tribe v. Verity*, 910 F.2d 555, 558 (9th Cir. 1990). A legally protected interest need not constitute property in the sense of the due process clause, but must be more than a financial stake or the mere speculation about a future event. . . . . The United States' success in this action would not impose any additional legal or financial liability on the [taxpayers] personally, since the complaint only seeks relief against [the defendants]. . . . .
>
> At most, the [taxpayers] have a purely financial stake in the litigation. If the United States prevails, [the employer-defendant] will be liable for the amount of the [taxpayers'] income that it failed to surrender from February 20, 2008 onwards as well as a 50% penalty on that amount. This liability could, in turn, diminish [that defendants'] capacity to distribute future income to the [taxpayers], assuming that [the employer-defendant] even exists to distribute such income. This, after all, is the ostensible purpose of the tax levy: to recoup the unpaid taxes by effectively garnishing the [taxpayers'] income. The [taxpayers'] potential financial stake in this action is insufficient under Rule 19(a) to qualify as an "interest relating to the subject of the action."

*911 Mngt.*, 2011 WL 1102662, at *4-5 (footnote and citation omitted).

The undersigned finds this decision persuasive and further finds that Mr. Eutsler is not a "[r]equired" party under Rule 19(a)(1)(A) or (a)(1)(B). Because Defendants have not

met their burden on this first step, further analysis is unnecessary. *See* Fed. R. Civ. P. 19(a), (b); *N. Arapaho Tribe*, 697 F.3d at 1278.

## CONCLUSION

As outlined herein, Defendants' Motion to Dismiss (Doc. No. 69) is DENIED. Defendants shall file their answer to the Amended Complaint within 14 days of the date of entry of this Order. *See* Fed. R. Civ. P. 12(a)(4)(A).

IT IS SO ORDERED this 14th day of February, 2020.

_____
CHARLES B. GOODWIN
United States District Judge